UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MATTHEW J. FOSTER,

                                      Plaintiff,                          Docket No.:

            - against -                                    **COMPLAINT**

UNITED PARCEL SERVICE OF AMERICA, INC.

                                     Defendant.
-----------------------------------------------------------------X

        Plaintiff, MATTHEW J. FOSTER, by his attorneys, RANNI LAW FIRM, complains as follows:

## THE PARTIES

1.     At all times relevant hereafter mentioned, Plaintiff is an individual with a residence in Dutchess County, State of New York. At all times relevant to this Complaint, Plaintiff was an employee of Defendant UPS within the meaning of 28 U.S.C. §1331, §1343; and 42 U.S.C. §12101 et seq.

2.     Upon information and belief, UNITED PARCEL SERVICE OF AMERICA, INC. (hereafter "UPS" as "Defendants"), the defendant herein, at all times hereinafter mentioned, was and still is a corporation duly authorized to do business under the laws of the State of New York with a trucking terminal in Orange County New York. At all times relevant to this Complaint, Defendant UPS was an employer within the meaning of 28 U.S.C. §1331, §1343; and 42 U.S.C. §12101 et seq.

3.     Upon information and belief, Defendants herein, at all times hereinafter mentioned, was and still is a foreign corporation duly authorized to do business under the laws of the State of New York.

## JURISDICTION AND VENUE

4. Jurisdiction is based upon 28 U.S.C. §1331, §1343; and 42 U.S.C. §12101 et seq.

5. Venue is based on the residence of Plaintiff.

6. A Charge of Discrimination was filed with the United States Equal Employment Opportunity Commission on January 5, 2018 and a Right to Sue Letter issued on August 27, 2018. This action is timely commenced within ninety (90) days thereof.

## SUMMARY OF CLAIMS

7. Plaintiff is a qualified individual with a disability, having suffered a Traumatic Brain Injury ("TBI") in his youth. Notwithstanding, at all times he was able to perform the essential job functions as a Tractor Trailer Driver with or without reasonable accommodation that was not an undue hardship upon Defendants.

8. On November 10, 2017, Plaintiff was constructively discharged from employment with Defendants as a result of his disability, having a record of disability, and/or being regarded as disabled. Defendant had demanded Plaintiff obtain a medical note that would state he could perform all duties and responsibilities of his position as truck driver without accommodation. This was the second time that year that Defendant suspended Plaintiff for such a reason. In April 2017, Plaintiff had provided a medical note sufficient for him to return to work with minor accommodation. Essentially, if there was a change in his route or a delivery required special instructions, he would need additional time and assistance to understand the change.

9. Notwithstanding, Defendant would not accept the accommodations and Plaintiff was challenged to do his job "the same as everyone else". Defendant failed to

engage in an appropriate interactive process and ignored his complaints that his need for accommodation was being ignored.

10. Plaintiff's complaints continued to be ignored. In both April and November Plaintiff was put off schedule and payroll. His benefits were discontinued effective November 19, 2017, yet he was never sent COBRA information. Plaintiff had to seek public assistance for his young family with minor children, but the Defendants refused to confirm Plaintiff was no longer employed and disputed his claim for unemployment benefits as well.

11. As a result, Plaintiff suffered negative employment actions motivated by discrimination based upon his disability, record of disability, potential need for accommodation, and being regarded as disabled.

## STATEMENT OF FACTS

12. In September 2012, Plaintiff was hired by Defendant and performed services as a Tractor Trailer Driver up to the time of his constructive termination on November 10, 2017.

13. Plaintiff has a traumatic Brain Injury that caused and still causes, intellectual limitations which are obvious. Notwithstanding, Plaintiff is able to perform all job duties and responsibilities of his position, with the reasonable accommodation of additional time and sometime repetitive instructions if there is a change in his route or other unique circumstances.

14. Plaintiff is a qualified individual with a disability and protected pursuant to Federal statutes and regulations. Plaintiff has been prejudiced relative to obtaining an accommodation; a good faith and expeditious Interactive Process; and disparate discipline and/or working conditions motivated by discriminatory animus.

15.     Plaintiff documented his disability, and his potential need for accommodation had long been established and reaffirmed prior to July 2017, when Plaintiff was suspended for three (3) months, five (5) weeks of which were <u>after</u> supporting medical documentation was submitted and four (4) weeks after Plaintiff provided a supplemental medical report that Defendant had requested.  As a result, Plaintiff unnecessarily suffered lost wages, inclusive of overtime of approximately $5,300.00 and emotional distress due to the summary loss of employment; income and additional medical evaluations wrongfully demanded by Defendants to return to work.

16.     In December 2017 Defendants repeated their request for the same medical information Plaintiff previously provided.  The request was made <u>after</u> Plaintiff was told he was being terminated for <u>following</u> confusing instructions concerning a delivery to a company that was closed on the day the delivery.  The delivery supposedly had been scheduled and confirmed by the Defendant's Dispatcher, though Plaintiff knew the business did not accept deliveries, as he explained to the dispatcher at the time.  Notwithstanding, the Dispatcher insisted that the delivery was confirmed with a specific employee.  However, that person wasn't working that day.  Regardless, no discipline had been formally commenced against Plaintiff consistent with the union Collective Bargaining Agreement.

17.     Considering the drastic nature of the proposed discipline of termination relative to the purported infraction, Plaintiff was subjected to disparities in working conditions; assignments and particularly level of discipline.  Notably, despite Plaintiff being off payroll, there was no notification in writing as would have been required by the CBA.

18. As Defendant regarded Plaintiff as disabled and claimed there were essential job functions, he could not perform, Plaintiff sought reasonable accommodations of instruction and extra time when there is an alteration in plans or complicated matters. There were no <u>tasks</u> as a tractor trailer driver Plaintiff could not perform; it is Plaintiff's mental processing and understanding of the task that may need additional time and repeated instructions in alternate forms. Notwithstanding, Plaintiff's route was mostly routine and such variations were not typical. Defendant claimed Plaintiff was disabled but made no attempt to accommodate and dismissed Plaintiff's request(s) summarily.

19. Upon information and belief, Plaintiff's termination was motivated by discrimination based upon his disability; record of disability; need for reasonable accommodation; and/or Plaintiff being regarded as disabled. At no time did Defendants engage in an appropriate interactive process or consider any accommodation of Plaintiff in good faith.

20. As a result, Plaintiff suffered discrimination as a result of the conduct of the Defendant, its agents, servants or employees, despite Plaintiff's ability to perform the essential job functions with or without reasonable accommodation. Defendant's conduct was motivated by discriminatory animus towards Plaintiff's disability; accommodation and/or as a result of Plaintiff's history and/or record of disability; and/or being regarding as disabled.

21. Defendant discriminated and retaliated against Plaintiff concerning duties and responsibilities; accommodation and other disparities concerning the terms, conditions and privileges of employment.

## FIRST CLAIM OF RELIEF ON BEHALF OF PLAINTIFF

22.     Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

23.     By reason of the foregoing discrimination, Defendant violated the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; including amendments thereto.

24.     Plaintiff is entitled to compensatory and non-compensatory relief consisting of back pay; front pay; health retirement and other benefits and perquisites of employment; damages for emotional distress; punitive damages; attorney fees; costs and disbursements; reimbursement of public support and/or welfare benefits; and any other relief to which Plaintiff may be entitled under the law.

## SECOND CLAIM OF RELIEF ON BEHALF OF PLAINTIFF

25.     Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

26.     By reason of the foregoing discrimination, Defendant violated the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; including amendments thereto.

27.     Plaintiff is entitled to compensatory and non-compensatory relief consisting of back pay; front pay; health, retirement or other benefits and perquisites of employment; damages for emotional distress; punitive damages; attorney fees; costs and disbursements; reimbursement of public support and/or welfare benefits; and any other relief to which Plaintiff may be entitled under the law.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant for all compensatory damages, emotional distress, reasonable attorney's fees, punitive damages, for the costs and disbursements of this action; that damages received by Plaintiff be taxed against the Defendant, and for such other relief as the court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Florida, New York
November 6, 2018

Yours, etc.,

RANNI LAW FIRM

*Joseph J. Ranni*
By: JOSEPH J. RANNI, ESQ.
Attorneys for Plaintiff
148 North Main Street
Florida, New York 10921
(845) 651-0999